RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 24 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF GEORGIA

**ATLANTA DIVISION**

**ALVIAR A. WALKER,**
 Plaintiff,

1 : 26 -CV- 1 5 8 9

v. CIVIL ACTION FILE NO. _____

**TRANSUNION LLC,**
 **NELNET, INC.,**
 **U.S. DEPARTMENT OF EDUCATION,**
 Defendants.

---

# COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

**(JURY TRIAL DEMANDED)**

Plaintiff **Alviar A. Walker**, proceeding **pro se**, brings this Complaint against Defendants and alleges as follows:

---

# I. PARTIES

1. Plaintiff **Alviar A. Walker** is a natural person residing at 3109 Arbor Oaks Drive, Snellville, Georgia 30039.

2. Defendant TransUnion LLC ("TransUnion") is a consumer reporting agency headquartered at 555 West Adams Street, Chicago, Illinois 60661, and regularly conducts business within the State of Georgia.

3. Defendant Nelnet ("Nelnet") is a federal student loan servicer headquartered at P.O. Box 82561, Lincoln, Nebraska 68501.

4. Defendant United States Department of Education ("Department of Education" or "ED") is a federal agency headquartered at 400 Maryland Avenue SW, Washington, D.C. 20202, responsible for administering federal student loan programs.

# II. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction pursuant to **28 U.S.C. §1331** because this action arises under federal law.

6. Plaintiff asserts claims under:

- the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq.;

- the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.;

- the Gramm-Leach-Bliley Act, 15 U.S.C. §6801 et seq.; and

- the Family Educational Rights and Privacy Act.

7. Venue is proper in this district pursuant to **28 U.S.C. §1391(b)** because Plaintiff resides in this district and the unlawful reporting and resulting harm occurred within this district.

# III. FACTUAL ALLEGATIONS

8. Plaintiff discovered that several alleged federal student loan accounts were being reported on Plaintiff's credit file.

9. These accounts were furnished by Nelnet as servicer for the Department of Education and appeared on Plaintiff's credit report maintained by TransUnion.

10. The reported accounts included, but were not limited to:

- Account No. 90000085867

- Internal identifiers ending in 5751, 5451, 5651, and 5551.

11. Plaintiff disputed the accuracy and authorization of these accounts with consumer reporting agencies including TransUnion.

12. Plaintiff also submitted complaints through the Consumer Financial Protection Bureau, including Complaint Identification Numbers:

- 250214-18770249

- 251216-26920041

- 251220-27054631

- 260115-27828506.

13. Following regulatory involvement, certain disputed accounts were deleted from Plaintiff's credit report due to lack of verification or authorization.

14. Despite these deletions, Defendants subsequently reinserted the same alleged debts under new reporting identifiers and dates.

15. These reinsertion actions occurred without proper verification or notice to Plaintiff.

16. Plaintiff submitted formal disputes to TransUnion regarding the accuracy and authorization of the reported accounts, thereby triggering Defendants' statutory duty to conduct a reasonable investigation pursuant to **15 U.S.C. §1681s-2(b)**.

17. Plaintiff never executed or authorized a written agreement permitting Defendants to disclose or report Plaintiff's personal financial or educational information to third-party credit reporting agencies.

18. Defendants nevertheless continued to furnish and disseminate Plaintiff's non-public personal information.

19. As a result of Defendants' actions, Plaintiff suffered:

- suppression of credit score,

- interference with housing and financial opportunities, and

- emotional distress.

# IV. CLAIMS FOR RELIEF

## COUNT I

### Violations of the Fair Credit Reporting Act

20. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

21. Defendants violated provisions of the Fair Credit Reporting Act including:

- 15 U.S.C. §1681e(b)

- 15 U.S.C. §1681i

- 15 U.S.C. §1681s-2

- 15 U.S.C. §1681i(a)(5)(B)

22. Defendants failed to conduct reasonable investigations after receiving notice of Plaintiff's disputes.

23. Defendants continued reporting inaccurate information and reinserted previously deleted accounts without proper certification.

## Statutory Applicability to Government Furnishers

24. Defendant U.S. Department of Education, through its contracted servicer Nelnet, furnished information regarding Plaintiff's alleged student loan accounts to consumer reporting agencies including TransUnion.

25. Under the Fair Credit Reporting Act, **15 U.S.C. §1681a(b)**, the term **"person" includes any government or governmental subdivision or agency.**

26. Accordingly, Defendants acting as furnishers of credit information are subject to the duties imposed by **15 U.S.C. §1681s-2** to provide accurate information and to properly investigate disputes.

27. Defendants' actions therefore fall within the statutory scope of the FCRA and are not shielded by sovereign immunity where Congress has expressly defined government entities as persons subject to the Act.

# COUNT II

## Violations of the Fair Debt Collection Practices Act

28. Plaintiff incorporates the preceding paragraphs.

29. Defendants continued communications and reporting regarding disputed debts despite Plaintiff's revocation of consent.

30. Such conduct constitutes harassment and improper communication in violation of the Fair Debt Collection Practices Act.

## COUNT III

### Violations of the Gramm-Leach-Bliley Act

31. Defendants disclosed Plaintiff's non-public personal financial information to third parties without authorization.

32. Such conduct violates privacy protections under the Gramm-Leach-Bliley Act.

---

## COUNT IV

### Violations of FERPA

33. Defendants accessed and disclosed Plaintiff's educational records without consent in violation of the Family Educational Rights and Privacy Act.

---

## COUNT V

### State Law Claims

34. Plaintiff reserves the right to assert additional claims under Georgia law including harassment, emotional distress, and credit interference.

---

# V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Defendants' reporting of the disputed accounts is unlawful;

B. Permanently enjoin Defendants from further reporting or reinserting the disputed accounts;

C. Order removal of all associated tradelines from consumer reporting agencies;

D. Award Plaintiff actual damages, statutory damages, and punitive damages;

E. Award costs of this action and such other relief as the Court deems just and proper.

# VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Alviar A. Walker
Alviar A. Walker, Pro Se
3109 Arbor Oaks Drive
Snellville, GA 30039
reignraiin@gmail.com
Dated: 3·18·26